UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS ANTHONY STAVRINIDES,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK BRODERICK, et al.,<br><br>Defendants. | Case No. 25-cv-04926-WHO<br><br>**ORDER ON THE MOTIONS TO DISMISS AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. Nos. 5, 8, 11, 15, 39 |

Before me are four motions filed by the several defendants in this case: three motions to dismiss and one motion to declare pro se plaintiff Elias Stavrinides a vexatious litigant.[1] The motions to dismiss assert that the complaint is deficient pursuant to the Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6). I agree. Defendants Diana Gomez, Michael King, Tyler Harrington, Todd Hoffman, Tennis Wick, Jesse Cablk, David Rabbitt, James Gore, and Lynda Hopkins (the "County Defendants") additionally move to declare Mr. Stavrinides a vexatious litigant based on his prolific filings in other courts. Because Mr. Stavrinides has only appeared in this court as of the filing of the instant case, I decline to grant their motion at this juncture. For the reasons explained below, the Motions to Dismiss are GRANTED. Mr. Stavrinides's complaint is DISMISSED WITHOUT PREJUDICE. He may file any first amended complaint within 20 days of this Order.

## BACKGROUND

On June 11, 2025, Mr. Stavrinides filed a complaint in this case, alleging claims against

---

[1] A fifth, administrative, motion to continue the initial case management conference has also been filed. Dkt. No. 39. The initial case management conference is currently set for October 28, 2025. Because I allow Mr. Stavrinides the opportunity to amend his complaint by November 6, 2025, any response is therefore due by November 20. The initial case management conference is hereby VACATED and rescheduled to December 17, 2025, to coincide with any subsequent hearing in this case.

the Hon. Patrick Broderick, a Superior Court Judge, and the County Defendants, adding the State Bar of California as a Real Party in Interest. *See* Complaint ("Compl.") [Dkt. No. 1] at 1. The following is my best understanding of Mr. Stavrinides's allegations.[2]

Mr. Stavrinides lodges what he terms a "Make Known Relator report" against all individuals named in the complaint. Compl. 2–3. He alleges that the individual defendants committed a conspiracy in violation of federal contracts. Compl. 3. Specifically, Mr. Stavrinides alleges that Judge Broderick failed to file a surety bond that plaintiff alleges is required to fulfill Judge Broderick's role as a Superior Court Judge. Compl. 7. Likewise, he alleges that the County Defendants each failed to file a surety bond that he alleges is required to fulfill their varying roles as Deputy County Counsel to the Sonoma County Counsel Department, Sonoma County Code Enforcement Officers, or Supervisors on the Sonoma County Board of Supervisors. Compl. 8–24. He additionally names the State Bar of California as an interested party because named defendants Broderick, Gomez, and King are members of the State Bar of California and he seeks that they be disbarred and "recommend[ed] . . . for criminal prosecution." Compl. 24. Mr. Stavrinides goes on to allege that each of these three named defendants has committed wire and mail fraud pursuant to 18 U.S.C. § 1341 and 18 U.S.C. § 1343. Compl. 29–32.

Finally, Mr. Stavrinides explains that he has made several public records requests over the years that, in his view, "show[] millions of dollars of Federal Funds hav[e] been granted from the Federal Government to what the Federal Government would have assumed would have been legitimate agencies . . . ." Compl. 32. Although it is far from clear, it seems as though Mr. Stavrinides alleges that those monies were misused or failed to be deposited to any government entity. Compl. 33. And he alleges that each of the named individual defendants, together, "operate a mutinous seditious, rebellious, treasonable and disloyal shadow government that has

---

[2] Curiously, although Mr. Stavrinides filed his case in federal court in the Northern District of California, he contends that only the district courts of the District of Columbia and the District of Hawaii have jurisdiction over his case. Compl. 3–5. His rationale appears to be that because the State Bar of California is "an arm of the Judicial Branch of the Government of The State of California," no federal judge who has a membership with the State Bar of California should be permitted to hear his case. Compl. 5. I am not currently a member or licensee of the State Bar, although I was one before becoming a federal judge.

2

falsely and fraudulently obtained and used Federal Funds to facilitate the operation of that mutinous, seditious, rebellious, treasonable and disloyal shadow government." Compl. 35.

The State Bar of California, Judge Broderick, and the County Defendants each filed motions to dismiss. *See* Dkt. Nos. 5, 8, 15. The County Defendants also moved to declare Mr. Stavrinides a vexatious litigant. Dkt. No. 11. Save for the motion to dismiss filed by Judge Broderick, Mr. Stavrinides opposed each of the motions. Dkt. Nos. 16, 17, 25. *See* Dkt. No. 27 Statement of Non-Opposition. Mr. Stavrinides erroneously moved for an entry of default against Judge Broderick, *see* Dkt. No. 34, which the clerk appropriately denied given Judge Broderick's response. Dkt. No. 37.

I determined that these motions were suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b).

**LEGAL STANDARD**

### I.      Rule 8

Federal Rule of Civil Procedure 8 requires a complaint to include a short and plain statement indicating the grounds for jurisdiction, a short and plain statement of the claim, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims that are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.* Although "verbosity or length is not by itself a basis for dismissing a complaint based on Rule 8(a)," *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008), where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint is properly dismissed for failure to comply with Rule 8(a), *McHenry*, 84 F.3d at 1178-79.

### II.     Rule 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v.*

1  *Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994).  The party invoking the jurisdiction of the
2  federal court bears the burden of establishing that the court has the requisite subject matter
3  jurisdiction to grant the relief requested.  *Id.*

4        A challenge pursuant to Rule 12(b)(1) may be facial or factual.  *See Safe Air Safe Air for*
5  *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the jurisdictional
6  challenge is confined to the allegations pled in the complaint.  *See Wolfe v. Strankman*, 392 F.3d
7  358, 362 (9th Cir. 2004).  The challenger asserts that the allegations in the complaint are
8  insufficient "on their face" to invoke federal jurisdiction.  *See Safe Air*, 373 F.3d at 1039.  To
9  resolve this challenge, the court assumes that the allegations in the complaint are true and draws
10 all reasonable inference in favor of the party opposing dismissal.  *See Wolfe*, 392 F.3d at 362.

11       "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by
12 themselves, would otherwise invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  To resolve
13 this challenge, the court "need not presume the truthfulness of the plaintiff's allegations."  *Id.*
14 (citation omitted).  Instead, the court "may review evidence beyond the complaint without
15 converting the motion to dismiss into a motion for summary judgment."  *Id.* (citations omitted).
16 "Once the moving party has converted the motion to dismiss into a factual motion by presenting
17 affidavits or other evidence properly brought before the court, the party opposing the motion must
18 furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter
19 jurisdiction."  *Id.* (quoting *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036,
20 1040 n.2 (9th Cir. 2003)).

21     **III.    Rule 12(b)(6)**

22       Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint
23 if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to
24 dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its
25 face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when
26 the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant
27 is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation
28 omitted).  This standard is not akin to a probability requirement, but there must be "more than a

4

sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, pro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**IV.     Vexatious Litigant**

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of

5

other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). As a result, "[t]he All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). But "[r]estricting access to the courts is . . . a serious matter. The right of access to the courts is a fundamental right protected by the Constitution." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (internal quotation marks, alteration, and citation omitted). Because "such sanctions can tread on a litigant's due process right of access to the courts," a pre-filing order is an "extreme remedy that should rarely be used." *Molski*, 500 F.3d at 1057.

The Ninth Circuit has outlined four factors that district courts must examine before entering pre-filing orders against vexatious litigants. First, the litigant must be provided notice and an opportunity to oppose the order. *De Long*, 912 F.2d at 1147. Second, the district court must "create an adequate record for review." *Id.* Third, the court must "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* at 1148 (internal quotation marks and citation omitted). Fourth, the resulting order "must be narrowly tailored to closely fit the specific vice encountered." *Molski*, 500 F.3d at 1057.

**DISCUSSION**

**I.      Motions to Dismiss**

Each of the motions to dismiss moves to dismiss the complaint pursuant to Federal Rule of Procedure Rule 8, Rule 12(b)(1), and Rule 12(b)(6). Dkt. No. 5 at 2, Dkt. No. 8 at 2, Dkt. No. 15 at 2. Judge Broderick and the State Bar's motions likewise raise immunity concerns. Dkt. No. 5 at 2, Dkt. No. 15 at 2. Finally, the County Defendants additionally argue that the venue is inappropriate. Dkt. No. 8 at 2.

As an initial matter, the State Bar notes, it is "named as a 'real party in interest' to this action, not as a defendant." Dkt. No. 5 at 2. In response, Mr. Stavrinides confirms his intent to name the State Bar only as an interested party and not as a defendant. Dkt. No. 25 at 2. ("Elias Stavrinides herein and hereby stipulates to the State Bar of California being removed forthwith from this Title 18 United States Code § 4 Report case."). Accordingly, the State Bar is hereby

6

DISMISSED WITH PREJUDICE.  Its motion to dismiss is MOOTED by this Order.

Judge Broderick's motion covers many of the deficiencies discussed below and also raises his immunity under the Eleventh Amendment for actions he has taken on the bench.  *See Munoz v. Superior Court of Los Angeles*, 91 F.4th 977, 981 (2024) ("[S]tate court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment.").  Mr. Stavrinides does not oppose that motion.  Judge Broderick is DISMISSED WITH PREJUDICE.

With respect to the County Defendants' motion to dismiss, I conclude that Mr. Stavrinides has failed to demonstrate that he has standing to bring this case or state a cognizable claim against them.  His complaint is difficult to decipher and mentions federal criminal statutes that contain no private right of action.  He confusingly refers to the complaint as a "Make Known Report," seemingly asserting his position as a type of relator.  But he cites to no valid law that allows him standing for that reason.  His complaint jumps from discussing a California bond requirement for all defendants to federal wire fraud for only three defendants.  Compl. 7–30.  The exhibits to the complaint do not provide any useful context.  Neither does his opposition to the County Defendants' motion.  *See* Dkt. No. 16.  For those reasons, Mr. Stavrinides's complaint is DISMISSED pursuant to the Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6).

County Defendants have provided additional documents related to matters that took place in Sonoma County Superior Court concerning Mr. Stavrinides' former property and his subsequently-filed case against Judge Broderick and several of the County Defendants in that court.  *See* Request for Judicial Notice[3], Dkt. No. 8.  According to the County Defendants, these documents show that Mr. Stavrinides has already raised the "same arguments" in Sonoma County Superior Court as those he attempts to raise here.  *See* Dkt. No. 8 at 16; Request for Judicial Notice, Dkt. No. 8, Exh. 4 at 128–148.  Although that complaint, already dismissed by the

---

[3] County Defendants have filed two requests for judicial notice related to Mr. Stavrinides's cases in state court.  Mr. Stavrinides does not appear to oppose those requests for judicial notice.  I GRANT both.  *See U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (explaining that "court filings and other matters of public record" are sources whose accuracy is not subject to reasonable dispute).

7

1  Sonoma County Superior Court, does share some overlap with the complaint before me, the
2  arguments are not "the same." I therefore decline to dismiss the complaint on the grounds of *res*
3  *judicata*. *See Mpoyo v. Litton Electro-Optical-Sys.*, 430 F.3d 985, 987–89 (9th Cir. 2005).
4        Because what Mr. Stavrinides attempts to allege in his complaint is unclear, I will allow
5  him to amend his complaint as long as he does so in good faith. To the extent that he can plead a
6  cognizable claim for relief against the County Defendants, he has one more chance to do so.

### II.     Motion to Declare a Vexatious Litigant

County Defendants have also moved to declare Mr. Stavrinides a vexatious litigant in this court. Dkt. No. 11. They point to concerning behavior on Mr. Stavrinides's part as a result of his ongoing suits in Sonoma County Superior Court. *Id.* at 3–4. They acknowledge that these behaviors appear to be a result of those proceedings and not the one before me. *See id.* at 7 ("Even 3 years after Judgment and more than a year after his appeal was denied, Elias Stavrinides refuses to obtain the necessary permits, abate all the violations, and seek the compliance inspection required by the state court Judgment. He continues to resort to antagonistic, oppressive, and harassing tactics that should not be condoned by this Court.").

Harassment of government employees is unacceptable in any and every circumstance. This conduct must not recur. That said, there is not yet an adequate record for review in this court that would allow me to make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *See De Long*, 912 F.2d at 1147. In Reply, County Defendants point to *Oliver v. EHM Productions, Inc.* to support their argument that federal courts can declare an individual to be a vexatious litigant after vexatious litigation behavior in state court. No. 23-CV-02671-VC, 2023 WL 6519755 (N.D. Cal. Sept. 15, 2023) (J. Chhabria); Dkt. No. 22 at 2. However, as County Defendants acknowledge, the plaintiff in *Oliver* had a "long track record of filing numerous unsuccessful lawsuits in both state and federal court." *Id.* at *1 (emphasis added). Because Mr. Stavrinides has demonstrated no such history here, I decline to declare him a vexatious litigant today. Mr Stavrinides is forewarned that I will not tolerate abusive or harassing conduct.

In addition, Mr. Stavrinides must comply with the vexatious litigant Order and Order

Granting Restraining Order in Sonoma County Superior Court. *See* Request for Judicial Notice, Dkt. No. 12, Exhs. 3–4. That includes the admonition that Mr. Stavrinides is "enjoined and restrained . . . [f]rom serving or causing to be served any pleading, subpoena, letter, or any other document of any type on any County attorney or employee <u>at a personal residence</u>." Dkt. No. 12 at 62–63 (emphasis in original). As I read it, that Order is not limited to documents related to state court proceedings only and it does apply to this federal matter.

Should Mr. Stavrinides exhibit behaviors in this court that violate the Sonoma County Superior Court Orders, any defendant may file a renewed motion for me to consider.

## CONCLUSION

For those reasons, the motions to dismiss are GRANTED. The Complaint is DISMISSED with LEAVE TO AMEND against the County Defendants. Mr. Stavrinides may file any amended complaint within 20 days of this Order if there is a good faith basis to do so. The motion to declare Mr. Stavrinides a vexatious litigant is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: October 17, 2025

William H. Orrick
United States District Judge